IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT DELA CERNA *a cappella*, ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> STEPHEN A. ZAPPALE, JR. *District* ) <br> *Attorney*; ELLIOTT C. HOWSIE *Public* ) <br> *Defender*; W. TERRENCE O'BRIEN ) <br> *Judge Civil Division*; BRIAN V. ) <br> COLEMAN *Gaoler, SCI-Fayette Prison*; ) <br> RONALD D. CASTILLE *Chief Justice Pa.* ) <br> *Steve Supreme Court*, ) <br> Respondents. ) | Civil Action No. 14-1472 <br> Chief Magistrate Judge Maureen P. Kelly <br><br> Re: ECF No. 6 |

## **OPINION**

On October 18, 1991, Vincent Dela Cerna ("Petitioner") was convicted of first degree murder in the Court of Common Pleas Allegheny County ("the Sentencing Court"). On September 18, 1992, he was sentenced to life in prison without the possibility of parole. As a consequence, Petitioner is currently incarcerated in the State Correctional Institution at Fayette ("SCI-Fayette"). He has filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. Despite the fact that his conviction was deemed to have become final on April 24, 1996, and he had only until April 23, 1997 to file his Petition in this Court, Petitioner did not file the Petition until October 29, 2014. Because the Petition violates the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one year statute of limitations, and because Petitioner failed to carry his burden to show entitlement to the extraordinary relief of equitable tolling, the Petition will be denied as time-barred and, so, the Respondents' Motion to Dismiss will be granted.

## I. RELEVANT FACTUAL AND PROCEDURAL HISTORY

The parties to this Petition are well aware of the underlying facts of the crime and, as such, the Court will not recite them, especially given that they are not relevant to the disposition of this Petition.

Petitioner was sentenced on September 18, 1992. Petitioner did not file a direct appeal from his judgment of sentence.

On September 2, 1993, it appears that Petitioner filed a Post Conviction Relief Act ("PCRA") Petition ("the First PCRA Petition"), which was denied on March 17, 1994. Petitioner filed a second or successive PCRA Petition ("the Second PCRA Petition") on March 24, 2005, which was dismissed on June 7, 2006. Petitioner then filed a Petition for Writ of Habeas Corpus Ad Subjieciendum in the Court of Common Pleas of Allegheny County on March 10, 2014, which was treated as another PCRA Petition ("the Third PCRA Petition") and was dismissed on May 8, 2014 as being untimely filed.

Petitioner then filed the present Petition in this Court on October 29, 2014. ECF No. 1. The Respondents filed a Motion to Dismiss, ECF No. 6, pointing out that the Petition violates the AEDPA statute of limitations. The Court ordered Petitioner to file a response to the Motion to Dismiss. Petitioner filed his Response, ECF No. 8, and a Brief in Support, ECF No. 9, neither of which were responsive to the AEDPA statute of limitations issue.

The parties have consented to have the United States Magistrate Judge exercise plenary jurisdiction. ECF Nos. 7, 10.

## II. DISCUSSION

### A. The AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because the Petition in this case was filed after its effective date, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Respondents pointed out in their Motion to Dismiss that this Petition is untimely under the AEDPA. As relevant here, the AEDPA requires that state prisoners file their federal habeas petition within one year after their conviction became final.[1] Specifically, the AEDPA provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> 
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> . . . .
> 
>    (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

---

[1] Although the AEDPA provides three other potential starting points for the running of its one year limitations period, Petitioner has not argued for the application of any of those three other starting points and, indeed, from the record, none appear to be applicable.

In this case, Petitioner's conviction became final on October 18, 1992, i.e., thirty days after September 18, 1992, the date on which the Sentencing Court imposed the sentence, and Petitioner took no direct appeal. McConnell v. Thompson, Civ. A. No. 14–747, 2014 WL 4348173 (W.D. Pa. Sept. 2, 2014). See also Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999).

Because Petitioner's conviction became final before the enactment of the AEDPA, his conviction is not deemed to have become final for purposes of calculating the AEDPA's statute of limitations until April 24, 1996, i.e., the date that the AEDPA was effective. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Accordingly, absent tolling, Petitioner would have only had until April 24, 1997 to file his Petition in this Court. Wilson v. Beard, 426 F.3d 653, 662 (3d Cir. 2005). However, Petitioner did not file the present Petition until October 29, 2014, more than 17 years beyond the one year statute of limitations.

While it is true that a properly filed post conviction or collateral petition that was filed and/or pending would have tolled the running of the AEDPA's limitations period,[2] none of the PCRA petitions that he filed in the State Courts could toll the running of the AEDPA's statute of limitations. The First PCRA Petition was filed and denied before Petitioner's conviction was deemed to have become final and thus before the AEDPA statute of limitations even began to run. The Second PCRA Petition was not filed until March 24, 2005, and was dismissed on June 7, 2006, long after Petitioner's one year statute of limitations had already run. Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005)("Under 28 U.S.C. § 2244(d)(2), 'the time during which a properly filed application for State post-conviction or other collateral review with

---

[2] See 22 U.S.C. § 2244(d)(2); Bennet v. Artuz, 199 F.3d 116, 119-22 (2d Cir. 1999), aff'd, 531 U.S. 4 (2000).

respect to the pertinent judgment or claim is pending shall not be counted' toward the one-year limitations period. However, Cordle's motion for a new trial was not filed until November 11, 2000, several years after her AEDPA limitations period had already expired. 'Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired.'"). The same is true of Petitioner's Third PCRA Petition. Accordingly, absent a finding of equitable tolling, the instant Petition is clearly time-barred and must be dismissed as such.

### B. Doctrine of Equitable Tolling

The doctrine of equitable tolling applies to the AEDPA's statute of limitations. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998). The United States Court of Appeals for the Third Circuit described in Miller the limited nature of equitable tolling.

> [E]quitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Shendock, 893 F.2d at 1462. Generally, this will occur when the petitioner has "in some extraordinary way ... been prevented from asserting his or her rights." Oshiver, 38 F.3d 1380. The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." New Castle County, 111 F.3d at 1126. Mere excusable neglect is not sufficient. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990); New Castle County, 111 F.3d at 1126.

Id. at 618-19. Put succinctly, a habeas petitioner seeking to invoke the doctrine of equitable tolling must establish two things: 1) the existence of "extraordinary circumstances" which prevented him from filing in a timely manner and 2) that he acted with reasonable diligence. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."), *reh'g and suggestion for reh'g en banc denied*, 207 F3d 666 (11th Cir. 2000). See also Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005) ("Equitable tolling is appropriate . . . such as when a state prisoner faces extraordinary

5

circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."). In order "[t]o establish the extraordinary circumstances necessary to equitably toll the AEDPA's statute of limitations, a habeas petitioner must prove that the cause of his delay was both beyond his control and unavoidable even with diligence." Simmons v. Yukins, No. Civ. 01-CV-71287-DT, 2001 WL 739505, at *2 (E.D. Mich. May 9, 2001).

Because equitable tolling is a doctrine of equity, as its name implies, the equitable maxim of one who seeks equity must do equity, Koster v. American Lumbermens Mut. Casualty Co., 330 U.S. 518, 522 (1947), likewise applies. In the present context, this principle of he who seeks equity must do equity requires that Petitioner not have delayed pursuit of his rights. This is so because "[e]quity is not intended for those who sleep on their rights." Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989).

Hence, in addition to proving the existence of extraordinary circumstances, and as a corollary of the principle that equity does not assist those who sleep on their rights, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

In this case, given that Petitioner seemingly waited a total of more than 17 years after his conviction was deemed to have become final in order to file the instant Petition, and he had only 365 days in which to bring his Petition, he must show that he acted with reasonable diligence for

a period of roughly 16 years in order to render his Petition timely filed. See Lacava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005).[3]

Petitioner does not appear to argue for equitable tolling in either his Response to the Motion to Dismiss or in his Brief in Support of his Response. Petitioner has failed to show any extraordinary circumstances or reasonable diligence so as to justify equitable tolling. Accordingly, the Petition will be dismissed as being time-barred.

## III. CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000). In Slack v. McDaniel, the United States Supreme Court held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue

---

[3] The Court stated in Lacava that

> It is a well-established principle that, in order for appellant to claim an entitlement to equitable tolling, he must show that he "exercised reasonable diligence in ... bringing [the] claims." *Miller*, 145 F.3d at 618-619 (*quoting New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1126 (3d Cir.1997); *see also Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)). **This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well**. *See, e.g., Jones v. Morton*, 195 F.3d at 160 (equitable tolling is not warranted where appellant "made no showing that he 'exercised reasonable diligence' in satisfying the exhaustion requirement in order to present his claims in a timely federal habeas petition").

Lacava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (emphasis added).

7

when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. at 478. Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 484-85. The test is conjunctive and both prongs must be met. See Walker v. Government of the Virgin Islands, 230 F.3d at 90.

Applying this standard to the instant case, this Court concludes that jurists of reason would not find it debatable whether this Court was correct in dismissing the Petition for being untimely under the AEDPA. Accordingly, a certificate of appealability is denied.

## IV. CONCLUSION

For the reasons set forth herein, the Petition is dismissed as time-barred and a certificate of appealability is denied.

BY THE COURT,

s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Date: February 10, 2015

cc: Vincent Delacerna
BX-3135
SCI Fayette
50 Overlook Drive
LaBelle, PA 15450

All counsel of record via CM-ECF